■ FRANK MONTALBANO, Appellant, v 136 W. 80 ST. CP, Defendant, JAMES CALLANAN, Respondent, and 80TH STREET OWNERS CORP., Appellant. [923 NYS2d 489]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 10, 2009, which, to the extent appealed from as limited by the briefs, granted defendant James Callanan's cross motion for summary judgment dismissing the complaint and all cross claims against him, unanimously affirmed, without costs.

On March 24, 2008, plaintiff was walking on West 80th Street at approximately 8:00 P.M. when he tripped and fell on a defect in the sidewalk. Specifically, the sidewalk flag was raised on one side at the expansion joint. Initially, it was unclear whether the area of the sidewalk where plaintiff fell abutted the property of 136 West 80th Street, Callanan's property, or 134 West 80th Street, defendant 80th Street Owners Corp.'s property. Plaintiff commenced the instant action against both defendants.

After discovery took place, Owners Corp. moved for summary judgment, arguing that the area where plaintiff fell was under the sole dominion and control of Callanan and abutted his property. Owners Corp. noted that Callanan had testified during his deposition that he had replaced the sidewalk in front of his property, including the elevated flag that caused plaintiff to fall, in 1972 and again in 2009, after plaintiff's accident. It also argued that Callanan had caused the defect in the sidewalk to occur by his special use of the sidewalk. Specifically, it cited to the fact that in 2000 when Consolidated Edison replaced the flag where plaintiff fell after installing a gas line for Callanan's building, it left an oil cap in the flag so that conversion back to oil would be a viable future option. Owners Corp. maintained

that this was a special use of the sidewalk. Additionally, Owners Corp. argued that because the stoop in front of Callanan's building abutted the sidewalk flag, it was Callanan's responsibility to comply with the Administrative Code and keep the sidewalk in good repair.

Callanan cross-moved for summary judgment, arguing that he did not breach any duty owed to plaintiff, as a pedestrian on the public sidewalk, because the portion of the sidewalk where plaintiff fell does not abut his property. Although Callanan had initially believed that it did abut his property, a survey prepared after his deposition revealed that the area of the sidewalk where plaintiff fell abuts 134 West 80th Street. Callanan submitted an affidavit from Angelo J. Fiorenza, the professional land surveyor who performed the survey of his property. Fiorenza stated that prior to performing the survey, he reviewed the deed to Callanan's property, visited the property, and reviewed the photograph marked by plaintiff which indicated the spot where he fell. He "conclude[d] that no portion of the area of the sidewalk where the plaintiff claims to have fallen abuts Callanan's property. Rather, the area of the sidewalk where the plaintiff claims to have fallen abuts, in its entirety, the premises known as 134 W. 80th Street . . . , which is the property immediately to the west of Callanan's building." He further stated that this conclusion holds true even though "the entire wall supporting the westerly side of the stairway to house number 136 (Tax Lot 50) lies upon land of house number 134 (Tax Lot 149)."

In opposition to the cross motion, Owners Corp. argued that the survey submitted by Callanan failed to establish that Callanan did not acquire the property on which the wall supporting his stairwell encroaches (property belonging to 80th Street Owners Corp.) through an easement or by adverse possession. It further argued that Callanan failed to establish that the sidewalk defect was neither caused by an affirmative act carried out by Callanan or by the special use of the sidewalk, i.e., replacement of the sidewalk by Callanan and Consolidated Edison and retention of the oil cap. Additionally, Owners Corp. argued that Callanan exercised continuing control over the sidewalk by replacing the defective sidewalk flag after the accident.

The motion court granted Callanan summary judgment based on the undisputed survey, which establishes that the defective area of the sidewalk which caused plaintiff's fall does not abut his property. Plaintiff and Owners Corp. argue on appeal that the entire sidewalk flag abuts both properties with the majority of the sidewalk flag abutting Callanan's property. They also

argue that the entire flag was raised, not just the portion where plaintiff tripped. Both plaintiff and Owners Corp. argue as well that Callanan had a special use of the sidewalk flag based on the gas line running underneath the sidewalk and the oil cap that was left in the sidewalk flag for potential future use. They maintain that whether this alleged special use created or contributed to the sidewalk defect raises a question of fact precluding summary judgment. Owners Corp. also argues that after the installation of the gas line, Callanan assumed a duty to maintain and repair the repaved sidewalk flag.

Neither plaintiff nor Owners Corp. presented any evidence suggesting that any special use caused the sidewalk defect. There is no evidence that the oil cap, the gas pipe underneath the sidewalk, or the repaving done by Consolidated Edison caused, or even contributed to, the defect. Accordingly, this is pure speculation insufficient to defeat summary judgment. Likewise, there is nothing to establish that Callanan assumed a duty to maintain and repair the sidewalk. Prior to the survey, he mistakenly believed that the entire sidewalk flag abutted his property. Neither plaintiff nor Owners Corp. cites any authority for the proposition that Callanan assumed a continuing duty based on this mistake. Nor do they cite any authority for the proposition that because the majority of the flag abuts his property, he is liable to plaintiff. Plaintiff did not fall on a portion of the sidewalk abutting Callanan's property. As the motion court noted, neither Owners Corp. nor plaintiff disputes the findings of Mr. Fiorenza. Rather, they maintain that Callanan's alleged exercise of control over the sidewalk somehow makes him liable pursuant to the Administrative Code. But the Code does not make persons who exercise control over the sidewalk liable—it refers only to owners of real property.

The argument that Callanan is liable because a wall supporting the stairwell in front of his building encroaches on Owners Corp.'s property is similarly deficient. An encroachment does not establish ownership of the property on which the structure encroaches and Administrative Code of City of NY § 7-210 applies only to owners of real property abutting the sidewalk. Neither Owners Corp. nor plaintiff has submitted any evidence of an easement or anything else that would establish ownership of that portion of the property by Callanan.

Callanan submitted uncontroverted evidence that his property does not abut the portion of the sidewalk where plaintiff fell. He thus established that he did not have a duty to maintain the portion of the sidewalk where plaintiff fell in a reasonably safe condition (*De Garcia v Empire Fasteners, Inc.*, 57 AD3d

710, 711 [2008]). Accordingly, he is entitled to judgment as a matter of law. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.