In an action to recover damages for personal injuries, etc., the defendants Herbert E. Weber and Jamie Nesbitt Weber appeal from an order of the Supreme Court, Kings County (Ash, J.), dated August 8, 2011, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Herbert E. Weber and Jamie Nesbitt Weber for summary judgment dismissing the complaint insofar as asserted against them is granted.
The injured plaintiff allegedly tripped and fell over a sidewalk flag which was raised on one side at the expansion joint. There was a tree located near the site of the alleged defect.
Section 7-210 of the Administrative Code of the City of New York imposes tort liability upon the owner of real property abutting any sidewalk for any injury to property or personal injury proximately caused by the failure of such owner to maintain the sidewalk in a reasonably safe condition (see Administrative Code *796 of City of NY § 7-210; Martinez v Khaimov, 74 AD3d 1031 [2010]). Here, the defendants Herbert Weber and Jamie Nesbitt Weber (hereinafter together the appellants) established, prima facie, their entitlement to judgment as a matter of law by submitting, inter alia, a survey of their property line, which showed that the portion of the sidewalk which contained the alleged defect did not abut their property (see Montalbano v 136 W. 80 St. CP, 84 AD3d 600 [2011]; De Garcia v Empire Fasteners, Inc., 57 AD3d 710 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, we need not address the merits of the appellants’ remaining contention. Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.