Plaintiff and her daughter testified at their depositions that plaintiff was injured when she tripped and fell over the raised or elevated portion of a public sidewalk located near a diner and a funeral home. Defendants Electro Concourse Associates and Stellar Management (Electro/Stellar) own and manage, respectively, a mixed use building next door to a building owned by defendants-respondents, who run a funeral home there. Defendants E.S.D. Corp. and Corky’s Restaurant operate a small diner in a storefront they rent from Electro/Stellar.
In support of their motion for summary judgment, Electro/ Stellar met their prima facie burden by submitting the affidavit of an engineer who opined that the concrete slab in front of the funeral home had become raised as a result of tree roots pushing up, and that Electro/Stellar had not contributed to the defect, and the affidavit of a land surveyor who opined that the raised slab was located entirely in front of the property owned by the funeral home, and not in front of the property owned by Electro/Stellar. Since the sidewalk defect that caused the accident was located in front of the neighboring property and was not caused or created by Electro/Stellar, they did not have any obligation to repair the defect (see Mitchell v Icolari, 108 AD3d 600, 601-602 [2d Dept 2013]; Administrative Code of City of NY § 7-210; see also Galindo v Town of Clarkstown, 2 NY3d 633, 636 [2004]). Defendants E.S.D. Corp. and Corky’s Restaurant cross-moved for summary judgment relying on the same arguments and evidence.
Plaintiff did not oppose the motion or cross motion. The fu *529 neral home defendants opposed, submitting only photographs taken by Electro/Stellar’s engineering expert, which were insufficient to raise an issue of fact as to the location of the raised sidewalk that plaintiff testified caused her accident. Since the funeral home defendants failed to raise an issue of fact, the motion for summary judgment dismissing all claims and cross claims against Electro/Stellar was warranted. Upon a search of the record, summary judgment is also granted to defendants E.S.D. Corp. and Corky’s Restaurant since the issue of duty to repair the defect is identical as it relates to them, notwithstanding their failure to pursue their appeal (see Brewster v FTM Servo, Corp., 44 AD3d 351 [1st Dept 2007]; CPLR 3212 [b]). Concur — Tom, J.P., Acosta, Andrias, Freedman and Feinman, JJ.