■ Antoinette E. Byron, Respondent, v City of New York, Defendant, Harristeve Realty Corp., Respondent, and Frame Realty of New York, Inc., Appellant. (And a Third-Party Action.) [990 NYS2d 229]—

In an action to recover damages for personal injuries, the defendant Frame Realty of New York, Inc., appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 19, 2012, which denied that branch of its renewed motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and that branch of the renewed motion of the defendant Frame Realty of New York, Inc., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff's right foot allegedly became stuck in a defect in a sidewalk, causing her to fall and sustain personal injuries. As a result, the plaintiff commenced this action against, among others, the defendant Harristeve Realty Corp. (hereinafter Harristeve Realty), and the defendant Frame Realty of New York, Inc. (hereinafter Frame Realty). Harristeve Realty's property was located next to Frame Realty's property, and the plaintiff alleged in her pleadings that she fell due to a defect in a sidewalk which abutted both of their properties.

A landowner owes no duty to warn or protect others from a defective or dangerous condition on neighboring premises, unless the landowner has created or contributed to it (see *Clementoni v Consolidated Rail Corp.*, 8 NY3d 963, 965 [2007]; *Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]). "The reason for such a rule is obvious—a person who lacks ownership or control of property cannot fairly be held accountable for injuries resulting from a hazard on the property" (*Galindo v Town of Clarkstown*, 2 NY3d at 636).

In support of its renewed motion made after the Supreme Court denied a prior motion for summary judgment with leave to renew, Frame Realty submitted evidence sufficient to demonstrate that it owed no duty of care to the plaintiff. Specifically, the evidence submitted in support of the renewed motion, including the photographs of the accident site and the deposition testimony of the parties, established, prima facie, that the plaintiff's fall was caused by an alleged defect which was present in a portion of the sidewalk abutting the premises owned by Harristeve Realty not Frame Realty (see *Mitchell v Icolari*, 108 AD3d 600 [2013]; *Montalbano v 136 W. 80 St. CP*, 84 AD3d 600 [2011]; *De Garcia v Empire Fasteners, Inc.*, 57 AD3d 710 [2008]). Frame Realty also submitted evidence which established, prima facie, that it did not create the condition or cause

the alleged defect to occur (*see Reich v Meltzer*, 21 AD3d 543 [2005]; *Patti v Town of N. Hempstead*, 23 AD3d 362 [2005]). In opposition, the plaintiff and Harristeve Realty failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court should have granted that branch of Frame Realty's renewed motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Balkin, J.P., Lott, Austin and LaSalle, JJ., concur.