(October 30, 2014)

■ YOUSUFU SANGARAY, Appellant, v WEST RIVER ASSOCIATES, LLC, Respondent, et al., Defendants. (And a Third-Party Action.) [996 NYS2d 13]—

Order, Supreme Court, New York County (Doris Ling-Cohan,

J.), entered April 23, 2013, which granted the motion of defendant West River Associates, LLC (West River) for summary judgment dismissing the complaint and all cross claims as against it, affirmed, without costs.

Dismissal of the complaint as against West River was proper, where the record, including an affidavit of a land surveyor, showed that West River did not own the property that abutted the sidewalk where plaintiff tripped and fell. West River was therefore not responsible for maintaining the sidewalk in a reasonably safe condition (see Administrative Code of City of NY § 7-210; Thompson v 793-97 Garden St. Hous. Dev. Fund Corp., 101 AD3d 642 [1st Dept 2012]; Montalbano v 136 W. 80 St. CP, 84 AD3d 600, 602 [1st Dept 2011]). Nor can West River be held liable under an exception to Administrative Code § 7-210, because the record does not show that it committed an affirmative act of negligence that caused the alleged defect or made special use of the accident location (see O'Brien v Prestige Bay Plaza Dev. Corp., 103 AD3d 428, 429 [1st Dept 2013]). Concur—Mazzarelli, J.P., Andrias and Clark, JJ.

Acosta and Saxe, JJ., concur in a separate memorandum by Saxe, J., as follows: I reluctantly agree with my colleagues that the language of Administrative Code of the City of New York § 7-210 requires affirmance of the grant of summary judgment dismissing the complaint against defendant West River Associates, LLC. I write separately to emphasize how the Code provision fails to achieve at least one of its stated purposes in circumstances such as these.

Plaintiff Yousufu Sangaray tripped and fell due to a height differential between two adjacent flags of pavement on a public sidewalk; the point at which the two flags met was situated in front of 1785 Amsterdam Avenue in Manhattan. Defendants Sandy Mercado and Rhina Mercado own the property at 1785 Amsterdam Avenue; defendant West River Associates, LLC owns the neighboring premises located at 1787 Amsterdam Avenue.

The tripping hazard had developed because the lower of the two adjacent sidewalk flags, which according to plaintiff's surveyor was located approximately 92-94% on West River's property and 6-8% on the Mercado property, had been allowed to cave in and sink without repair. The point at which the two flags met, forming the height differential on which plaintiff tripped, was unquestionably on the Mercados' property. But, as the Mercados point out, they could not have corrected the defect on their own, without the participation of West River. Had they attempted to raise the height of the portion of the sunken flag located at their property, they would only have served to move

the location of the tripping hazard to the property line, several inches to the north, and even then, in doing so they could still have been liable for affirmatively creating the new tripping hazard.

Yet defendant West River Associates sought and obtained summary judgment dismissing the complaint as against it, on the ground that the undisputed evidence established that the spot at which plaintiff tripped was on the sidewalk abutting the Mercado property, and not the West River property. Based on my reading of Administrative Code § 7-210, I am constrained to join in the affirmance of that order.

Section 7-210 (b) of the Administrative Code provides that "the owner of real property abutting any sidewalk . . . shall be liable for any injury to property or personal injury . . . proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition." It was enacted in 2003 to transfer tort liability from the City of New York to abutting owners for personal injuries that are proximately caused by defective sidewalks (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]). While the transfer of tort liability from the City to the abutting property owners was primarily a cost-saving measure for the City (*id.*), according to a Report of the Committee on Transportation, another important purpose of enacting the provision was to encourage the maintenance of sidewalks in good repair, by ensuring that those who are in the best position to be aware of the need for repairs—namely, the abutting property owners—are motivated to make the necessary repairs in order to avoid liability (*see* Rep of Infrastructure Div, Comm on Transp at 9, Local Law Bill Jacket, Local Law No. 49 [2003] of City of NY).

Because this 2003 legislative enactment was "in derogation of common law," and "creat[ed] liability where none previously existed," we must construe it strictly (*Vucetovic*, 10 NY3d at 521, quoting *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200, 206 [2004], and citing McKinney's Cons Laws of NY, Book 1, Statutes § 301 [c]). Consequently, the provision's imposition of liability on owners of the property abutting the defect that caused plaintiff's injury may not be broadly construed to apply to the owner of the property next to that abutting property, even if part of the defective condition extends to that neighboring property. When strictly construing the Code provision, it is irrelevant that the hazard here could only have been corrected by the two neighboring property owners together; the condition on which plaintiff actually tripped, the height differential, was located on the portion

of the sidewalk that abutted the Mercados' property, and therefore only the Mercados are liable under the provision.

This Court has previously addressed similar factual scenarios. In *Montalbano v 136 W. 80 St. CP* (84 AD3d 600 [1st Dept 2011]), the plaintiff similarly fell as he stepped from a raised sidewalk flag onto a lower one. The raised sidewalk flag spanned two properties, but the plaintiff was only permitted to proceed with the action against the owner of the property abutting the part of the sidewalk where the height differential was located (84 AD3d at 602). Among its grounds for dismissing the action as against the neighbor, this Court reasoned that because it was uncontroverted that regardless of its condition, the neighboring property did not abut the portion of the sidewalk where the plaintiff fell, there was no basis for holding that neighbor liable (*id.*). Similar facts and reasoning led to the same result from the Second Department in *Camacho v City of New York* (96 AD3d 795 [2d Dept 2012]).

The result we are constrained to reach fails to comport with the important purpose of the Code provision—encouraging the maintenance of sidewalks in good repair, by ensuring that those who are in the best position to be aware of the need for repairs are motivated to make the necessary repairs in order to avoid liability (*see* Rep of Infrastructure Div, Comm on Transp at 9). West River is being allowed to avoid liability for the consequences of its failure to maintain its own sidewalk. Nevertheless, the law as it now stands permits the imposition of liability in these circumstances only on the Mercados.