■ CHERRY HARRISON, Respondent, v 4919 CHURCH, INC., et al., Respondents, and JAMES YONG MUN, Also Known as YONG CHUL MUN, et al., Appellants. (And a Third-Party Action.) [24 NYS3d 737]—

In an action to recover damages for personal injuries, the defendants James Yong Mun, also known as Yong Chul Mun, and Dallas General Merchandise, Inc., doing business as Dallas Uniforms, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated April 17, 2015, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants James Yong Mun, also known as Yong Chul Mun, and Dallas General Merchandise, Inc., doing business as Dallas Uniforms, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

After the plaintiff allegedly tripped and fell over a raised sidewalk flag on Church Avenue in Brooklyn, she commenced this action to recover damages for personal injuries against, among others, James Yong Mun, also known as Yong Chul Mun (hereinafter Mun), Dallas General Merchandise, Inc., doing business as Dallas Uniforms (hereinafter Dallas), and 4919 Church, Inc. (hereinafter 4919 Church). Mun owned the property located at 4913 Church Avenue in Brooklyn, Dallas occupied the first floor of that property, and 4919 Church owned the adjacent property located at 4917 Church Avenue, as well as the properly located at 4919 Church Avenue.

The Supreme Court should have granted that branch of the motion of Mun and Dallas (hereinafter together the appellants) which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The appellants submitted evidence sufficient to demonstrate that they owed no duty of care to the plaintiff. Specifically, the evidence submitted in support of the motion, which included photographs of the accident site, the deposition testimony of the parties, a survey of the area, and the affidavit of a surveyor, established, prima facie, that the plaintiff's fall was caused by an alleged defect that was present in a portion of the sidewalk abutting the property owned by 4919 Church, and not the property owned by Mun, and that they did not create the condition or cause the alleged defect to occur (*see Byron v City of New York*, 119 AD3d 625, 626-627 [2014]; *Mitchell v Icolari*, 108 AD3d 600, 602 [2013]; *Camacho v City of New York*, 96 AD3d 795, 796 [2012]; *De Garcia v Empire Fasteners, Inc.*, 57 AD3d 710, 711 [2008]). In opposition, the plaintiff and 4919 Church failed to raise a triable issue of fact. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.