This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 7
Yousufu Sangaray,
          Appellant,
        v.
West River Associates, LLC,
          Respondent,
et al.,
          Defendants.
(And a Third-Party Action.)


          Joshua D. Kelner, for appellant.
          Timothy J. Dunn, III, for respondent.


PIGOTT, J.:

          Plaintiff alleges that he tripped and fell when his right toe came into contact with a raised portion of a New York City public sidewalk. The sidewalk flag that plaintiff was traversing ran from the front of a property owned by defendant West River Associates, LLC (West River) to a neighboring premises

- 1 -

owned by defendants Sandy and Rhina Mercado (Mercados).  A photograph contained in the record depicts the sidewalk flag sloping and descending lower than a level flagstone that is in front of the Mercado property.  The expansion joint that plaintiff's toe contacted abutted solely the Mercado property.

Plaintiff commenced this common law negligence action against West River and the Mercados.  After defendants served their respective answers, plaintiff responded to West River's demand for a verified bill of particulars by alleging, among other things, that West River violated section 7-210 of the Administrative Code of the City of New York.  That provision, which was enacted for the purposes of transferring tort liability from the City to certain adjoining property owners as a cost-saving measure (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]), provides, as relevant here:

> "a.  It shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition.
>
> "b.  Notwithstanding any other provision of law, the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, shall be liable for any . . . personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, negligent failure to . . . repair or replace defective sidewalk flags . . ."

West River moved, among other things, for summary judgment dismissing plaintiff's complaint, asserting that because the area of the sidewalk upon which plaintiff tripped was located entirely in front of the Mercado property, the "defect" did not abut the West River premises, and, therefore, West River could not be held liable for failing to maintain its sidewalk. In support of its motion, West River submitted an affidavit from a land surveyor who conducted a boundary survey of the sidewalk in front of the West River and Mercado properties. The surveyor determined that the expansion joint upon which plaintiff claimed he tripped was wholly in front of the Mercado property, as evidenced by the survey map that was attached to the surveyor's affidavit.

Plaintiff countered that West River breached its statutory duty by allowing its sidewalk flag to fall into disrepair, and, in any event, failed to demonstrate its entitlement to summary judgment because it did not show that it maintained its sidewalk in a reasonably safe condition.

The Mercados also opposed West River's motion, arguing that, based on their own survey and an affidavit submitted by a licensed professional engineer, approximately 92% to 94% of the defective flag (which had settled due to subsidence of the underlying soil) was in front of the West River property, and 6% to 8% of the defective flag fronted the Mercado property.

Supreme Court granted West River's motion for summary

judgment and dismissed plaintiff's complaint and the Mercados' cross claim upon constraint of the Appellate Division, First Department's holding in Montalbano v 136 W. 80 St. CP (84 AD3d 600 [1st Dept 2011]), which it interpreted as holding that a landowner's duty to maintain the sidewalk is implicated only where the defect upon which the plaintiff falls abuts the landowner's property (2013 WL 1808093, 2013 NY Misc LEXIS 1699 [Sup Ct, New York County 2013]).  The court concluded that because plaintiff and the Mercados failed to dispute the evidence submitted by West River that the defect was in front of the Mercado property, plaintiff and the Mercados failed to raise a question of fact as to whether West River breached a duty owing to plaintiff.

On plaintiff's appeal, the Appellate Division affirmed, holding that because the record demonstrated that "West River did not own the property that abutted the sidewalk where plaintiff tripped and fell[, it] was therefore not responsible for maintaining the sidewalk in a reasonably safe condition" (121 AD3d 602, 602 [1st Dept 2014] citing Administrative Code of City of NY § 7-210; Thompson v 793-97 Garden St. Hous. Dev. Fund Corp., 101 AD3d 642 [1st Dept 2012]; Montalbano, 84 AD3d at 602). Two Justices concurred with the majority's interpretation of section 7-210, but asserted that the provision, as written, allowed West River to avoid liability for the consequences of its failure to maintain its sidewalk in a reasonably safe condition

(see id. at 605 [Saxe, J., concurring]).  This Court granted plaintiff leave to appeal and we now reverse.

Section 7-210 unambiguously imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure.  The First and Second Departments have seemingly engrafted onto section 7-210 a "location requirement," such that if the defect upon which a person trips abuts a particular property, then the owner of that property is deemed liable, without conducting any inquiry as to whether a neighboring owner's failure to comply with its statutory duties may have also been a proximate cause of the accident (see e.g. Byron v City of New York, 119 AD3d 625 [2d Dept 2014] [holding that defendant made a prima facie showing of entitlement to summary judgment by demonstrating that the plaintiff's fall was caused by an alleged defect that was present in a portion of a sidewalk abutting the premises owned by the codefendant]; Lorenzo v Ortiz Funeral Home Corp., 113 AD3d 528 [1st Dept 2014] [granting codefendant summary judgment because the sidewalk defect that caused the accident was located in front of the neighboring defendant's property, and, therefore, the codefendant did not have any obligation to repair it]; Camacho v City of New York, 96 AD3d 795 [2d Dept 2012] [defendant property owners met their prima facie burden by demonstrating, through the use of a land survey, that the portion

of the sidewalk containing the alleged defect did not abut their property]; Montalbano, 84 AD3d 600 [defendant met his burden by submitting uncontroverted evidence that his property did not abut the portion of the sidewalk where the plaintiff fell and therefore established that he did not have a duty to maintain the portion of the sidewalk where the plaintiff fell in a reasonably safe condition]).

The case upon which West River primarily relies, and which both the lower courts found controlling, is Montalbano. Contrary to West River's contention, Montalbano is distinguishable from this case. In Montalbano, the plaintiff claimed that he tripped on a sidewalk flag that was raised on one side at the expansion joint (84 AD3d at 600). There was initially a dispute concerning whether the sidewalk flag abutted the property of defendant Owners Corp. or defendant Callanan, but as the litigation progressed, it became clear by way of a survey that the area where the plaintiff claimed he tripped abutted the Owners Corp. property (see id. at 601). The plaintiff and Owners Corp. argued, among other things, that because the majority of the flag abutted Callanan's property, Callanan was liable to the plaintiff, but the court disagreed, holding that the plaintiff did not fall on a portion of the sidewalk abutting Callanan's property (see id. at 602). The court further rejected the argument by the plaintiff and Owners Corp. that Callanan's replacement of the defective sidewalk flag after the accident

made Callanan liable to the plaintiff, holding that it was irrelevant whether Callanan had exercised control over that part of the sidewalk because section 7-210 "does not make persons who exercise control over the sidewalk liable -- it refers only to owners of real property" (id. at 602).

Unlike the plaintiff in Montalbano, who did not argue that Callanan failed to maintain the sidewalk flag abutting his property in a reasonably safe condition, plaintiff here argues that West River failed to comply with its own statutory duty to maintain the sidewalk abutting its premises in a reasonably safe condition, and that such failure was a proximate cause of his injury. To be sure, the location of the alleged defect and whether it abuts a particular property is significant concerning that particular property owner's duty to maintain the sidewalk in a reasonably safe condition. That does not, however, foreclose the possibility that a neighboring property owner may also be subject to liability for failing to maintain its own abutting sidewalk in a reasonably safe condition where it appears that such failure constituted a proximate cause of the injury sustained. Thus, to the extent that Montalbano and other cases interpreting section 7-210 can be interpreted as holding that only the landowner whose property abuts the defect upon which the plaintiff trips may be held liable, they should no longer be followed for that premise. Simply put, section 7-210 (b), by its plain language, does not restrict a landowner's liability for

accidents that occur on its own abutting sidewalk where the landowner's failure to comply with its duty to maintain its sidewalk in a reasonably safe condition constitutes a proximate cause of a plaintiff's injuries. Furthermore, our interpretation of section 7-210 as tying liability to the breach of that duty when it is a cause of the injury is consistent with the purpose underlying the enactment of that provision, namely, to incentivize the maintenance of sidewalks by abutting landowners in order to create safer sidewalks for pedestrians and to place liability on those who are in the best situation to remedy sidewalk defects.

As part of its prima facie showing of entitlement to summary judgment, West River was required to do more than simply demonstrate that the alleged defect was on another landowner's property. Here, West River focused solely on the location of the actual defect upon which plaintiff allegedly tripped, and ignored its burden of demonstrating that it complied with its own duty to maintain the sidewalk abutting its property in a reasonably safe condition and/or that it was not a proximate cause of plaintiff's injuries (see e.g. James v Blackmon, 58 AD3d 808, 809 [2d Dept 2009]).

Plaintiff tripped on an expansion joint that abutted the Mercados' property. That does not end the inquiry, nor does the fact that the defect upon which plaintiff tripped was in front of the Mercado property necessarily absolve West River of

liability.  Although West River did not have a duty to remedy any defects in front of the Mercado property, section 7-210 (a) imposed a duty on West River to maintain the sidewalk abutting its premises in a reasonably safe condition.  Moreover, the plain language of section 7-210 (b) provides that West River may be held liable for injuries where its failure to maintain its sidewalk is a proximate cause of that injury.  Here, most of the sunken sidewalk flag that plaintiff traversed abutted West River's property, and plaintiff claims that West River's sidewalk flag had sunk lower than the expansion joint upon which plaintiff allegedly tripped.  Thus, West River failed to meet its burden of demonstrating entitlement to judgment as a matter of law, leaving factual questions as to whether West River breached its duty to maintain the sidewalk flag abutting its property and, if so, whether that breach was a proximate cause of plaintiff's injuries.  Under the circumstances of this case, summary judgment should have been denied.

Accordingly, the order of the Appellate Division should be reversed, with costs, and West River Associates, LLC's motion insofar as it sought summary judgment dismissing the complaint denied.

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

Order reversed, with costs, and defendant West River Associates, LLC's motion insofar as it sought summary judgment dismissing the complaint denied.  Opinion by Judge Pigott.  Judges Rivera, Abdus-Salaam, Stein and Fahey concur.  Chief Judge DiFiore and Judge Garcia took no part.

Decided February 11, 2016