■ JOHN P. MERY et al., Appellants, v FRANK EGINGER, Defendant, and SOCIETY OF FRIENDS CHURCH, Also Known as the POUGHKEEPSIE MONTHLY MEETING OF THE RELIGIOUS SOCIETY OF FRIENDS and Another, Respondent. [49 NYS3d 905]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 10, 2015, which granted the motion of the defendant Society of Friends Church, also known as the Poughkeepsie Monthly Meeting of the Religious Society of Friends, also known as Friends Meeting, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

This personal injury action arises out of an accident that took place near property owned by the defendant Society of Friends Church, also known as the Poughkeepsie Monthly Meeting of the Religious Society of Friends, also known as Friends Meeting (hereinafter the Church). The plaintiff John P. Mery (hereinafter the injured plaintiff) was driving a truck with a window open on a road near the Church's property. He heard a noise of a lawn mower hitting something and felt a sharp pain in his left eye. He pulled the truck over and pulled a piece of wire out of his eye. At the time of the accident, the defendant Frank Eginger was mowing the Church's lawn.

The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against Eginger and the Church, alleging that the piece of wire had been ejected by Eginger's lawn mower. The Church moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that it was not vicariously liable for any negligence on the part of Eginger, an independent contractor. In opposing the motion, the plaintiffs did not dispute that Eginger was an independent contractor. Rather, they argued that the Church was vicariously liable because

Eginger had been engaged in an inherently dangerous activity, and because the activity pertained to a nondelegable statutory duty on the part of the Church. The Supreme Court granted the Church's motion, and the plaintiffs appeal.

As a general rule, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (*Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]). However, this general rule is "subject to various exceptions, and it has been observed that the general rule is now primarily important as a preamble to the catalog of its exceptions" (*Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 258 [2008] [internal quotation marks omitted]; *see Kleeman v Rheingold*, 81 NY2d at 274). The two exceptions that the plaintiffs argue apply in this case are: (1) that the work assigned to Eginger was inherently dangerous; and (2) the Church had a nondelegable statutory duty (*see generally Brothers v New York State Elec. & Gas Corp.*, 11 NY3d at 258).

Here, the Church established, prima facie, that the inherently dangerous activity exception does not apply in this case because Eginger's mowing of the Church's lawn did not involve a risk of harm inherent in the nature of the work itself, nor should the Church have recognized that risk in advance of the contract (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 381 [1995]; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 669 [1992]). Further, the evidence submitted by the Church established that it did not have a nondelegable duty to mow the lawn such as would subject it to vicarious liability for the actions of an independent contractor (*see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d at 258-259). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the Church's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.