Kuritsky v Meshenberg (2022 NY Slip Op 07066)

Kuritsky v Meshenberg

2022 NY Slip Op 07066

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-12589
 (Index No. 608582/16)

[*1]Drora Kuritsky, appellant, 
v
Carl Meshenberg, et al., respondents, et al., defendants.

Munawar & Andrews-Santillo, LLP, New York, NY (Mateen Hashmat and Casey Fundaro of counsel), for appellant.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 10, 2019. The order, insofar as appealed from, upon reargument, adhered to prior determinations in an amended order of the same court dated March 5, 2019, granting the motion of the defendants Carl Meshenberg, Joan Meshenberg, Peter Chatzinoff, and Donna Chatzinoff for summary judgment dismissing the complaint insofar as asserted against them and denying that branch of the plaintiff's cross motion which was for an enlargement of time to respond to those defendants' motion.
ORDERED that the order entered July 10, 2019, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, so much of the amended order dated March 5, 2019, as granted the motion of the defendants Carl Meshenberg, Joan Meshenberg, Peter Chatzinoff, and Donna Chatzinoff for summary judgment dismissing the complaint insofar as asserted against them and denied that branch of the plaintiff's cross motion which was for an enlargement of time to respond to those defendants' motion is vacated, and thereupon, those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them is denied, and that branch of the plaintiff's cross motion which was for an enlargement of time to respond to those defendants' motion is denied as academic.
The plaintiff allegedly was injured while walking on a sidewalk in the Village of Cedarhurst when she tripped over a raised sidewalk flag that created a height differential of about three inches. The plaintiff alleged that the portion of the sidewalk where she fell abutted property owned by the defendants Carl Meshenberg, Joan Meshenberg, Peter Chatzinoff, and Donna Chatzinoff (hereinafter collectively the homeowners).
The plaintiff commenced this personal injury action against the homeowners, the Town of Hempstead, and the County of Nassau. The homeowners moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the sidewalk defect identified by the plaintiff as causing her injuries did not abut their property. The plaintiff opposed the motion, and cross-moved, among other things, for an enlargement of time to respond to the homeowners' motion in the event that motion was not denied. In an amended order dated March 5, 2019, the Supreme Court granted the homeowners' motion, concluding that "the plaintiff has failed [*2]to demonstrate that the plaintiff's fall took place adjacent to [the homeowners' property]." In the same order, the court, inter alia, denied that branch of the plaintiff's cross motion which was for an enlargement of time to respond to the homeowners' motion. The plaintiff subsequently moved for leave to reargue her opposition to the homeowners' motion and to reargue those branches of her cross motion which were denied. In an order entered July 10, 2019, the court granted the plaintiff leave to reargue, and, upon reargument, adhered to the determinations made in the amended order dated March 5, 2019. The plaintiff appeals from the order entered July 10, 2019.
"Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land" (James v Blackmon, 58 AD3d 808, 808; see Hausser v Giunta, 88 NY2d 449, 452-453). "However, liability may be imposed on the abutting landowner where the landowner either affirmatively created the dangerous condition, voluntarily but negligently made repairs to the sidewalk, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance expressly imposing liability on the abutting landowner for a failure to maintain the sidewalk" (James v Blackmon, 58 AD3d at 808; see Hausser v Giunta, 88 NY2d at 453; O'Brien v Village of Babylon, 196 AD3d 494, 495; Metzker v City of New York, 139 AD3d 828, 829). The Village of Cedarhurst has enacted an ordinance, Section 224-3 of the Village Code, that shifts tort liability for injuries arising from a defective sidewalk condition from the municipality to the abutting property owner (see generally Zborovskaya v STP Roosevelt, LLC, 175 AD3d 1594, 1595). This ordinance, among other things, imposes a duty upon owners to maintain the sidewalk in front of their property "in good and safe repair" (Village Code of Village of Cedarhurst § 224-3[A][3]).
Here, the Supreme Court, upon reargument, should not have adhered to its prior determination granting the homeowners' motion for summary judgment dismissing the complaint insofar as asserted against them. While the homeowners demonstrated that the section of the sidewalk containing the defect on which the plaintiff allegedly tripped did not abut their property, their submissions in support of their motion also included evidence that the sidewalk flag on one side of the defect—which was not level with the adjacent flag, resulting in the height differential on which the plaintiff tripped—extended several feet onto their side of the property line. To meet their prima facie burden, the homeowners were "required to do more than simply demonstrate that the alleged defect was on another landowner's property" (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 799). They were required to make a prima facie showing that they maintained the portion of the sidewalk abutting their own property in a reasonably safe condition, or that any failure to do so was not a proximate cause of the plaintiff's injuries (see id. at 799-800). The homeowners offered no evidence demonstrating that they maintained the sidewalk in a reasonably safe condition, or that a failure to properly maintain the section of the sidewalk abutting their property, which allegedly contributed to the height differential, was not a proximate cause of the plaintiff's injuries (see id.; Zborovskaya v STP Roosevelt, LLC, 175 AD3d at 1595).
Accordingly, the homeowners failed to meet their prima facie burden, and consequently, upon reargument, their motion for summary judgment dismissing the complaint insofar as asserted against them should have been denied, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Since the homeowners' motion should have been denied, upon reargument, that branch of the plaintiff's cross motion which was for an enlargement of time to respond to that motion should have been denied as academic.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court