Jerez v 2400 Amsterdam Ave. Realty Corp. (2024 NY Slip Op 01761)

Jerez v 2400 Amsterdam Ave. Realty Corp.

2024 NY Slip Op 01761

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Index No. 161192/18 Appeal No. 1936 Case No. 2023-02859 

[*1]Rosario Jerez, Plaintiff-Appellant,
v
2400 Amsterdam Ave. Realty Corp., et al., Defendants-Appellants, 2406-12 Amsterdam Assoc., et al., Defendants-Respondents, Moya Mellizzo Plastic Cover and General Tapestry, Defendant.

Pollack, Pollack, Issac & DeCicco LLP, New York (Greg Freedman of counsel), for Rosario Jerez, appellant.
Weiner Millo Morgan & Bonanno, New York (Richard A. Walker of counsel), for 2400 Amsterdam Ave. Realty Corp. and REM Residential, appellants.
Cartafalsa, Turpin & Lenoff, New York (Brian J. Dalton of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 19, 2023, which, insofar as appealed from, granted the motion of defendants 2406-12 Amsterdam Assoc., Leor Management Corp., and 2406-12 Amsterdam Associates LLC (collectively, the 2406 defendants) for summary judgment dismissing the complaint and all cross-claims as against them, unanimously reversed, on the law, without costs, and the motion denied.
Triable issues of fact exist as to whether the defect on which plaintiff allegedly tripped was on the property of the 2406 defendants. Plaintiff testified that a photograph showing the border between the 2406 defendants' property and the abutting property is the area where her foot hit something, causing her to stumble forward and fall. Such testimony and photographic evidence sufficiently creates a question of fact as to the 2406 defendants' liability (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 799 [2016]). It is not utterly incredible that plaintiff could have tripped in front of the 2406 defendants' property and then stumbled forward and ultimately fallen in front of the store beyond their property lines. Although plaintiff concedes that her testimony is somewhat inconsistent as to where she tripped, "[a]ny inconsistencies in plaintiff's testimony as to the cause of her fall present credibility issues for the jury's determination" (Martinez v City of New York, 190 AD3d 561 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024