Wilson v A. Primus Realty, LLC (2024 NY Slip Op 03906)

Wilson v A. Primus Realty, LLC

2024 NY Slip Op 03906

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-01315
 (Index No. 505175/19)

[*1]Sallie M. Wilson, plaintiff-respondent, 
v
A. Primus Realty, LLC, appellant, et al., defendant.

The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins and Aaron M. Goldsmith of counsel), for appellant.
Mirman Markovits & Landau, P.C., New York, NY (David Weissman of counsel), for plaintiff-respondent.
Pillinger Miller Tarallo, LLP, New York, NY (George F. Meierhofer and Sharon Cruz of counsel), for defendant Keter SDM, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant A. Primus Realty, LLC, appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated January 24, 2023. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on a defect in a sidewalk in Brooklyn. In an examination before trial, the plaintiff identified the defect as a hole in the sidewalk between two adjoining buildings, one of which was owned by the defendant A. Primus Realty, LLC (hereinafter Primus Realty), and the other by the defendant Keter SDM, LLC (hereinafter Keter).
Primus Realty moved for summary judgment dismissing the amended complaint insofar as asserted against it. In support of its motion, Primus Realty submitted evidence that the hole upon which the plaintiff allegedly fell, though touching the sidewalk flag that abutted its property, was wholly on a sidewalk flag that abutted Keter's property. In an order dated January 24, 2023, the Supreme Court denied the motion. Primus Realty appeals.
Administrative Code of the City of New York § 7-210 shifts tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner and imposes a duty upon the property owner to maintain the sidewalk in a reasonably safe condition (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171; Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797; Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520-521). On a motion for summary judgment, a defendant property owner is "required to do more than simply demonstrate that the alleged defect was on another landowner's property" (Sangaray v West Riv. Assoc., LLC, 26 NY3d at 799). To meet its prima facie burden, the property owner must establish that it maintained the [*2]portion of the sidewalk abutting its own property in a reasonably safe condition or that any failure to do so was not a proximate cause of the plaintiff's injuries (see id. at 799-800; Kuritsky v Meshenberg, 211 AD3d 834, 836).
Here, Primus Realty established that the portion of the sidewalk containing the hole identified by the plaintiff as the cause of her fall did not abut its property. However, Primus Realty failed to establish that it maintained the adjoining sidewalk, which abutted its property, in a reasonably safe condition or that a failure to properly maintain the section of the sidewalk abutting its property was not a proximate cause of the plaintiff's injuries (see Sangaray v West Riv. Assoc., LLC, 26 NY3d at 800; Kuritsky v Meshenberg, 211 AD3d at 836; Zborovskaya v STP Roosevelt, LLC, 175 AD3d 1594, 1595).
Since Primus Realty failed to meet its initial burden as the movant, the Supreme Court properly denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we do not reach the parties' remaining contentions.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court