Santiago v 527 Grand, LLC (2024 NY Slip Op 05999)

Santiago v 527 Grand, LLC

2024 NY Slip Op 05999

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2020-06973
2020-06979
2020-06980
 (Index No. 512224/18)

[*1]Jose A. Santiago, appellant, 
v
527 Grand, LLC, et al., defendants, Euro Elite Construction Corp., et al., respondents.

Pontisakos & Brandman, P.C., Garden City, NY (Elizabeth M. Meyerson of counsel), for appellant.
Eric D. Feldman, New York, NY (Michael J. Kozoriz of counsel), for respondent Euro Elite Construction Corp.
Litchfield Cavo LLP, New York, NY (Justin T. Shain of counsel), for respondent Dominga Perez.
Joseph R. Crafa, P.C., Garden City, NY, for respondents National Grid USA and Brooklyn Union Gas Company, doing business as National Grid New York.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from three orders of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), each dated July 17, 2020. The first order, insofar as appealed from, granted that branch of the motion of the defendant Euro Elite Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it. The second order, insofar as appealed from, granted that branch of the motion of the defendant Dominga Perez which was for summary judgment dismissing the complaint insofar as asserted against her. The third order, insofar as appealed from, granted that branch of the motion of the defendants National Grid USA and Brooklyn Union Gas Company, doing business as National Grid New York, which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the first and third orders are affirmed insofar as appealed from; and it is further,
ORDERED that the second order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Dominga Perez which was for summary judgment dismissing the complaint insofar as asserted against her is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant Dominga Perez, and one bill of costs is awarded to the defendants Euro Elite Construction Corp., National Grid USA, and Brooklyn Union Gas Company, doing business as National Grid New York, [*2]appearing separately and filing separate briefs, payable by the plaintiff.
On May 13, 2018, the plaintiff allegedly tripped and fell while walking on an uneven sidewalk in Brooklyn. The plaintiff commenced this personal injury action against, among others, the defendants Dominga Perez, Euro Elite Construction Corp. (hereinafter Euro Elite), National Grid USA, and Brooklyn Union Gas Company, doing business as National Grid New York (hereinafter together the National Grid defendants). The plaintiff alleged that he was caused to trip and fall by a defect on the sidewalk adjoining premises located at 527 Grand Street and/or 529 Grand Street, the property owned by Perez. The Supreme Court granted those branches of the separate motions of Perez, Euro Elite, and the National Grid defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff appeals.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Blaise v Guleria, 197 AD3d 689, 690 [internal quotation marks omitted]; see Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922). Administrative Code § 7-210(a) imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition (see Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797; Zborovskaya v STP Roosevelt, LLC, 175 AD3d 1594, 1595).
The Supreme Court should have denied that branch of Perez's motion which was for summary judgment dismissing the complaint insofar as asserted against her, as she failed to establish her prima facie entitlement to judgment as a matter of law. On a motion for summary judgment, a defendant property owner is required to do more than simply demonstrate that the alleged defect was on another landowner's property. To meet its prima facie burden, the property owner must establish that it maintained the portion of the sidewalk abutting its own property in a reasonably safe condition or that any failure to do so was not a proximate cause of the plaintiff's injuries (see Sangaray v West Riv. Assoc., LLC, 26 NY3d at 799; Wilson v A. Primus Realty, LLC, 229 AD3d 741, 742). Here, Perez established that she did not own the premises located at 527 Grand Street or cause and create the height differential between the sidewalk flags abutting the two premises. However, Perez failed to establish, prima facie, that a portion of the sidewalk slab that allegedly caused a height differential or gap did not abut her property (see Sangaray v West Riv. Assoc. LLC, 26 NY3d at 797; Wilson v A. Primus Realty, LLC, 229 AD3d at 742; Kuritsky v Meshenberg, 211 AD3d 834, 836; Zborovskaya v STP Roosevelt, LLC, 175 AD3d at 1595). Accordingly, the Supreme Court should have denied that branch of Perez's motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to that branch of the National Grid defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, contrary to the plaintiff's contention, the National Grid defendants made a prima facie showing that they did not perform the work that allegedly caused the plaintiff's accident and that the work was performed by their independent contractor. As a general rule, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (Kleeman v Rheingold, 81 NY2d 270, 273; see Butnik v Luna Park Hous. Corp., 200 AD3d 993, 995; Miller v Infohighway Communications Corp., 115 AD3d 713, 715). "The primary justification for this rule is that 'one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor'" (Bennett v State Farm Fire & Cas. Co., 198 AD3d 857, 858, quoting Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257-258 [internal quotation marks omitted]). The National Grid defendants established, prima facie, that the inherently dangerous exception did not apply (see Wendy-Geslin v Oil Doctors, 226 AD3d 727, 729; Mery v Eginger, 149 AD3d 827, 828, affd 31 NY3d 1068). In opposition to the National Grid defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.
As to that branch of Euro Elite's motion which was for summary judgment dismissing the complaint insofar as asserted against it, a general contractor can demonstrate its prima facie entitlement to judgment as a matter of law by presenting evidence that it performed no work in the [*3]area where the accident occurred or that it did not otherwise create the defect (see Sindoni v City of New York, 175 AD3d 526, 526; Burton v City of New York, 153 AD3d 487, 487). Here, Euro Elite demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that it performed no work in the area of the raised sidewalk flag prior to the accident (see Sindoni v City of New York, 175 AD3d at 526). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are not properly before this Court.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court