■ JENNIFER GOMEZ, an Infant, by Her Mother and Natural Guardian, DIANA CRUZ, et al., Respondents, v CITY OF NEW YORK, Appellant. [671 NYS2d 108] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated April 16, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff, who resided with her mother and siblings in an apartment owned by the defendant, City of New York, was attempting to retrieve a toothbrush which had fallen into the bathtub when she fell into the tub. The tub contained

three or four inches of excessively hot water, and the infant plaintiff allegedly sustained a burn to her left shoulder. The plaintiffs allege that the hot water recurrently accumulated in the bathtub because of plumbing defects which included a malfunction of the drain mechanism and the continuous, unstoppable leaking of hot water from the bathtub faucet.

Although questions concerning what is foreseeable are generally for the fact-finder to resolve, there are certain instances where only one conclusion may be drawn from the established facts, and where the question of proximate cause may be decided as a matter of law. Those cases generally involve independent, intervening acts which operate upon, but do not flow from, the original negligence (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308).

It is clear that in the present case the allegedly defective plumbing of the bathtub was not a proximate cause of the accident. The hot water created the specific injuries for which damages were sought, and determined the gravity of the consequences resulting from the accident, but did not cause the intervening act which was not foreseeable (*see, Rivera v City of New York,* 11 NY2d 856). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.