■ ROGELIO WILLIAMS, Respondent, v JOHANNA CASTRONOVO, Appellant. [44 NYS3d 769]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 29, 2016, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 520 [2008]; *Stoloyvitskaya v Dennis Boardwalk, LLC*, 101 AD3d 1106 [2012]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]). Section 7-210 directs landowners to maintain their abutting sidewalks in a "reasonably safe condition" (Administrative Code § 7-210 [a]; *see Sangaray v West Riv. Assoc., LLC*, 26 NY3d 793 [2016]).

Here, the defendant owner established, prima facie, that she maintained the area of the sidewalk where the plaintiff's accident occurred in a reasonably safe condition (*see* Administrative Code §§ 7-210, 19-152; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.