■ Jose Delgado, Respondent, v 5008 Broadway Associates, LLC, Appellant, et al., Defendant. [50 NYS3d 282]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about January 20, 2016, which, to the extent appealed from, denied the motion of defendant 5008 Broadway Associates, LLC (5008 Broadway) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The motion court properly found that 5008 Broadway failed to meet its prima facie burden of showing that it bore no liability for plaintiff's fall over a defect in the area of the public sidewalk abutting its property (*see* Administrative Code of City of NY § 7-210). The photographic and testimonial evidence submitted failed to clarify whether the defect lay entirely within the pedestrian ramp, which is the City's responsibility, or on the sidewalk flag, which is 5008 Broadway's responsibility (*see Puello v Georges Units, LLC*, 146 AD3d 561 [1st Dept 2017]; *Gary v 101 Owners Corp.*, 89 AD3d 627 [1st Dept 2011]). The evidence also did not eliminate the possibility that 5008 Broadway's failure to maintain the sidewalk proximately

caused plaintiff's injuries by leaving a tripping hazard between the sidewalk and the pedestrian ramp (*see Sangaray v West Riv. Assoc., LLC*, 26 NY3d 793, 799-800 [2016]). Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.