Zborovskaya v STP Roosevelt, LLC (2019 NY Slip Op 06822)





Zborovskaya v STP Roosevelt, LLC


2019 NY Slip Op 06822


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-13759
 (Index No. 12586/15)

[*1]Sara Zborovskaya, appellant, 
v
STP Roosevelt, LLC, et al., respondents, et al., defendants.


Rosenberg, Minc, Falkoff & Wolff, LLP, New York, NY (Brooke Balterman of counsel), for appellant.
Martyn & Martyn, Mineola, NY (David C. Smith of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered August 29, 2018. The order granted the motion of the defendants STP Roosevelt, LLC, and New York Community Bancorp, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants STP Roosevelt, LLC, and New York Community Bancorp, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.
On August 23, 2015, the plaintiff allegedly tripped and fell on a height differential between two concrete flagstones on a sidewalk. The plaintiff subsequently commenced this personal injury action against, among others, the defendants STP Roosevelt, LLC, and New York Community Bancorp, Inc. (hereinafter together the defendants), the owner and tenant, respectively, of the property allegedly abutting the subject portion of the sidewalk. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the height differential between the two flagstones, which caused the plaintiff's fall, did not abut their property. The Supreme Court granted the motion, and the plaintiff appeals.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520; Williams v Castronovo, 146 AD3d 923; Stoloyvitskaya v Dennis Boardwalk, LLC, 101 AD3d 1106; Fusco v City of New York, 71 AD3d 1083, 1084). Administrative Code § 7-210(a) "imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition" (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797).
Here, the defendants established that the portion of the sidewalk containing the height differential did not abut their property. However, the defendants failed to further establish that a portion of the flagstones, which allegedly caused the height differential, did not abut their property. Therefore, the defendants failed to establish their prima facie entitlement to judgment as a matter of [*2]law dismissing the complaint insofar as asserted against them (see id. at 799-800).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court