Martinez v New York Metro Dist. of the United Pentecostal Church Intl., Inc. (2020 NY Slip Op 06251)





Martinez v New York Metro Dist. of the United Pentecostal Church Intl., Inc.


2020 NY Slip Op 06251


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-13052
 (Index No. 518084/16)

[*1]Jeanette Martinez, respondent, 
v
New York Metro District of the United Pentecostal Church International, Inc., et al., appellants, et al., defendants.


Abrams, Gorelick, Friedman & Jacobson, LLP, New York, NY (Kathryn Hough, James Brown, and Steven DiSiervi of counsel), for appellants.
Burns & Harris, New York, NY (Jason S. Steinberg and Judith Stempler of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants the New York Metro District of the United Pentecostal Church International, Inc., and International Pentecostal Church of Jesus appeal from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated July 26, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants New York Metro District of the United Pentecostal Church International, Inc., and International Pentecostal Church of Jesus for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff allegedly tripped on a hole in a sidewalk and fell, sustaining personal injuries. The defendants New York Metro District of the United Pentecostal Church International, Inc., and International Pentecostal Church of Jesus (hereinafter together the Pentecostal defendants) and the defendants First Mennonite Church in Brooklyn, Inc., and Atlantic Coast Conference of the Mennonite Church (hereinafter together the Mennonite defendants) owned adjacent properties located at 21 and 23 Marcus Garvey Boulevard, respectively. The plaintiff commenced this personal injury action against the Pentecostal defendants and the Mennonite defendants. The Pentecostal defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the plaintiff fell on the sidewalk where it abutted the property of the Mennonite defendants. The Supreme Court denied the motion, and the Pentecostal defendants appeal.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520; Zborovskaya v STP Roosevelt, LLC, 175 AD3d 1594; Williams v Castronovo, 146 AD3d 923). Administrative Code § 7-210(a) "imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably [*2]safe condition" (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797; Zborovskaya v STP Roosevelt, LLC, 175 AD3d 1594 [internal quotation marks omitted]).
Here, the Pentecostal defendants established that the portion of the sidewalk containing the hole which allegedly caused the plaintiff to trip and fall did not abut their property. They further established that they maintained their property in a reasonably safe condition and that the condition of their property was not a proximate cause of the plaintiff's accident. Therefore, the Pentecostal defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the Pentecostal defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court