Nativo v Dragonetti Bros. Landscaping Nursery & Florist, Inc. (2021 NY Slip Op 00436)





Nativo v Dragonetti Bros. Landscaping Nursery & Florist, Inc.


2021 NY Slip Op 00436


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-13380
 (Index No. 505589/18)

[*1]Joseph Nativo, respondent, 
v
Dragonetti Brothers Landscaping Nursery & Florist, Inc., appellant, et al., defendant.


Galvano & Xanthankis, P.C., Staten Island, NY (Constantine A. Pantazis of counsel), for appellant.
Kuharski, Levitz & Giovinazzo, Staten Island, NY (Lonny R. Levitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Dragonetti Brothers Landscaping Nursery & Florist, Inc., appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 23, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he tripped on a raised catch basin. He commenced this personal injury action against, among others, the defendant Dragonetti Brothers Landscaping Nursery & Florist, Inc. (hereinafter Dragonetti Landscaping), a contractor, alleging that it was negligent in creating the allegedly dangerous condition that caused the accident. Dragonetti Landscaping moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and Dragonetti Landscaping appeals.
In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (see Bishop v Pennsylvania Ave. Mgt., LLC, 183 AD3d 685, 687; Baldasano v Long Is. Univ., 143 AD3d 933, 933; Davis v Sutton, 136 AD3d 731, 732). A plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Chang v Marmon Enters., Inc., 172 AD3d 678, 679; Palahnuk v Tiro Rest. Corp., 116 AD3d 748, 749). Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, Dragonetti Landscaping failed to establish, prima facie, that the plaintiff did not know what had caused him to fall (see Flanagan v Town of Huntington, 155 AD3d 1000, 1001). In support of its motion, Dragonetti Landscaping submitted a transcript of the plaintiff's deposition testimony, at which he testified that the uneven condition of the catch basin was the cause of his fall and identified the condition in a photograph which, according to his testimony, depicted the area at the time of the accident (see Zorin v City of New York, 137 AD3d 1116, 1117).
Moreover, a contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Brown v Welsbach Corp., 301 NY 202, 205; Huerta v 2147 Second Ave., LLC, 129 AD3d 668, 669; see also Espinal v Melville Snow Contrs., 98 NY2d 136, 141). Here, Dragonetti Landscaping failed to satisfy its prima facie burden of demonstrating that it did not create or cause the allegedly dangerous condition over which the plaintiff tripped and fell (see Losito v City of New York, 38 AD3d 854, 855).
Dragonetti Landscaping also failed to establish, prima facie, that the alleged uneven condition was open and obvious and not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48, 52). Accordingly, the Supreme Court properly denied Dragonetti Landscaping's motion.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court