Theard v G. Fazio Constr. Co., Inc. (2021 NY Slip Op 08275)





Theard v G. Fazio Constr. Co., Inc.


2021 NY Slip Op 08275


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-07158
 (Index No. 509835/16)

[*1]Cynthia Theard, etc., appellant, 
v
G. Fazio Construction Co., Inc., defendant, St. Mary Magdalene Parish, et al., respondents (and a third-party action).


Katz & Kern, LLP, New York, NY (John Clark and Chet W. Kern of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (I. Elie Herman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conscious pain and suffering and wrongful death, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), entered April 29, 2019. The judgment, upon an order of the same court dated March 21, 2019, inter alia, granting the motion of the defendants St. Mary Magdalene Parish, Rocklyn Asset Corp., and Roman Catholic Church Diocese of Brooklyn, N.Y., for summary judgment dismissing the amended complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the amended complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
On February 2, 2015, Emmanuel Theard (hereinafter the decedent) allegedly sustained injuries when he tripped and fell on a sidewalk abutting premises owned by the defendants St. Mary Magdalene Parish and Roman Catholic Church Diocese of Brooklyn, N.Y., and managed by the defendant Rocklyn Asset Corp. (hereinafter collectively the Church defendants). The decedent subsequently died. The plaintiff, the decedent's wife and the administrator of his estate, commenced this action against the Church defendants and another defendant, inter alia, to recover damages for the decedent's conscious pain and suffering and wrongful death. After joinder of issue and the completion of discovery, the Church defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, arguing that the plaintiff was unable to identify the cause of the decedent's accident. The Supreme Court granted the motion and thereafter issued a judgment dismissing the amended complaint insofar as asserted against the Church defendants. The plaintiff appeals.
In a premises liability case, a defendant property owner moving for summary judgment can establish its prima facie entitlement to judgment as a matter of law by showing that the plaintiff cannot identify the cause of his or her accident without engaging in speculation (see Gaither-Angus v Adelphi Univ., 180 AD3d 875; Kerzhner v New York City Tr. Auth., 170 AD3d 982; Gani v Avenue R Sephardic Congregation, 159 AD3d 873). "Although proximate cause can be established in the absence of direct evidence of causation [and] . . . may be inferred from the facts [*2]and circumstances underlying the injury, [m]ere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action" (Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435 [internal quotation marks omitted]; see Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 749; Viviano v KeyCorp, 128 AD3d 811, 811-812; Racines v Lebowitz, 105 AD3d 934). Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused an accident, any determination by the trier of fact as to causation would be based upon sheer speculation (see Hahn v Go Go Bus Tours, Inc., 144 AD3d at 749; Pol v Gjonbalaj, 125 AD3d 955; Goldberg v Village of Mount Kisco, 125 AD3d 929, 929-930; Ash v City of New York, 109 AD3d 854, 855). Indeed, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Palahnuk v Tiro Rest. Corp., 116 AD3d 748, 749; DeForte v Greenwood Cemetery, 114 AD3d 718; Deputron v A & J Tours, Inc., 106 AD3d 944, 945). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiff's inability to establish the cause of his or [her] fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878; see McRae v Venuto, 136 AD3d 765, 766; Pol v Gjonbalaj, 125 AD3d at 955).
Here, in support of their motion for summary judgment dismissing the amended complaint insofar as asserted against them, the Church defendants demonstrated, prima facie, that the plaintiff was unable to identify the cause of the decedent's fall (see Harris v Live, Play & Bounce Corp., 164 AD3d 880; Mauskopf v 1528 Owners Corp., 102 AD3d 930, 931). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the Church defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them and dismissed the amended complaint insofar as asserted against them.
MASTRO, A.P.J., RIVERA, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court