Blaise v Guleria (2021 NY Slip Op 04745)





Blaise v Guleria


2021 NY Slip Op 04745


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-05829
 (Index No. 713095/16)

[*1]Judith Blaise, plaintiff-respondent, 
v
Poonam Guleria, et al., appellants, Marek Wachalowicz, et al., defendants-respondents.


Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for appellants.
Hoffman Roth & Matlin, New York, NY (Tillie S. Mirman of counsel), for defendants-respondents Marek Wachalowicz and Grazyna Sowa.
Georgia M. Pestana, Corporation Counsel, New York, NY (Fay Ng and Eva L. Jerome of counsel), for defendant-respondent City of New York.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Poonam Guleria and Avnish Guleria appeal from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered April 17, 2019. The order denied the renewed motion of the defendants Poonam Guleria and Avnish Guleria for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On August 6, 2016, the plaintiff allegedly tripped and fell on a height differential between two sidewalk slabs in Queens County. She commenced this personal injury action, alleging that the height differential was located in front of/adjacent to the property owned by the defendants Poonam Guleria and Avnish Guleria (hereinafter together the Guleria defendants) and/or the property owned by their next door neighbors, the defendants Marek Wachalowicz and Grazyna Sowa. In an order entered April 17, 2019, the Supreme Court denied the Guleria defendants' renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Guleria defendants appeal.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520; Zborovskaya v STP Roosevelt, LLC, 175 AD3d 1594, 1595; Williams v Castronovo, 146 AD3d 923). Section 7-210 directs landowners to maintain their abutting sidewalks in a "reasonably safe condition" (Administrative Code § 7-210[a]; see Sangaray v West Riv. Assoc., LLC, 26 NY3d 793). However, this provision of the Administrative Code does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code § [*2]7-210[b]; see Brown v City of New York, 162 AD3d 733, 734-735).
Here, the Guleria defendants failed to establish, prima facie, that they used their property exclusively for residential purposes, thereby failing to show that they did not have a statutory duty to maintain the sidewalk abutting their property (see Administrative Code § 7-210[b]; cf. Brown v City of New York, 162 AD3d at 734-735). They also failed to establish, prima facie, that a portion of the sidewalk slab which allegedly caused the height differential did not abut their property (see Sangaray v West Riv. Assoc., LLC, 26 NY3d 793; Zborovskaya v STP Roosevelt, LLC, 175 AD3d 1594; Delgado v 5008 Broadway Assoc., LLC, 149 AD3d 583).
Accordingly, the Supreme Court properly denied the Guleria defendants' renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court