Brachfield v Sternlicht (2022 NY Slip Op 00841)





Brachfield v Sternlicht


2022 NY Slip Op 00841


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-04667
 (Index No. 520955/17)

[*1]Leah Brachfield, respondent, 
v
Moshe Sternlicht, et al., appellants (and a third-party action).


Gladstein Keane & Partners, PLLC, New York, NY (Thomas F. Keane and Anthony J. Spiga of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York, NY (David Tolchin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 20, 2020. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint and, in effect, granted that branch of the plaintiff's cross motion which was for summary judgment determining that the exemption of Administrative Code of the City of New York § 7-210(b) was inapplicable.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries, alleging that she tripped and fell on a defect in the sidewalk abutting certain property owned by the defendants (hereinafter the premises). In January 2020, the defendants moved for summary judgment dismissing the complaint, contending that the plaintiff was unable to identify the location of the sidewalk defect and that the defendants were exempt from liability under Administrative Code of the City of New York § 7-210(b) because the premises were owner occupied. The plaintiff cross-moved for summary judgment on the issue of liability. By order dated May 20, 2020, the Supreme Court, inter alia, denied the defendants' motion for summary judgment dismissing the complaint and, in effect, granted that branch of the plaintiff's cross motion which was for summary judgment determining that the exemption of Administrative Code § 7-210(b) was inapplicable. The defendants appeal.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922; see Blaise v Guleria, 197 AD3d 689, 690). Administrative Code § 7-210 directs landowners to maintain their abutting sidewalks in a "reasonably safe condition" (see Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797). However, this provision of the Administrative Code does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code § 7-210[b]; see Blaise v Guleria, 197 [*2]AD3d at 690; Brown v City of New York, 162 AD3d 733, 734-735). "The purpose of the exception in the Code is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (Coogan v City of New York, 73 AD3d 613, 614; see Zak v City of New York, 192 AD3d 734). Legislative enactments in derogation of the common law which create liability where none previously existed must be strictly construed (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521; Kalajian v 320 E. 50th St. Realty Co., 154 AD3d 528, 529).
Here, the defendants failed to establish, prima facie, that the premises were, in whole or in part, owner occupied, thereby failing to show that they did not have a statutory duty to maintain the sidewalk abutting their property (see Administrative Code § 7-210[b]; Bisono v Quinn, 125 AD3d 704, 705; Howard v City of New York, 95 AD3d 1276, 1277; cf. Lai-Hor Ng Yiu v Crevatas, 103 AD3d 691). The defendants' deposition testimony, as well as their affidavits and the affidavits of their daughter and son-in-law, established that the defendants owned the premises, but had never resided there. This evidence also established that the defendants' daughter and son-in-law resided at the premises, but did not own the premises at the time of the alleged accident. Further, by relying upon this evidence, the plaintiff established, prima facie, that the exemption in Administrative Code § 7-210 was inapplicable, and in opposition, the defendants failed to raise a triable issue of fact.
The defendants also failed to establish, prima facie, that the plaintiff could not identify either the cause of her fall or its location. "A plaintiff's inability to identify the cause of his or her fall is fatal to a cause of action to recover damages for personal injuries because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Vojvodic v City of New York, 148 AD3d 1086, 1087; see Economos v Bloom, 186 AD3d 1493, 1493-1494). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Ash v City of New York, 109 AD3d 854, 855; see Mallen v Dekalb Corp., 181 AD3d 669, 669).
Here, in support of their motion, the defendants submitted, inter alia, the transcript of the plaintiff's deposition testimony. During her deposition, the plaintiff was shown a photograph, which, she testified, accurately depicted the condition of the sidewalk at the time of her accident. She was asked if anywhere in the photograph showed the area where she claimed her left foot tripped. The plaintiff responded, "[y]es," and the transcript reflects that the plaintiff pointed to an area of the photograph. The plaintiff was never asked during her deposition to circle or otherwise mark where on the photograph she allegedly tripped. Under these circumstances, the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause or location of her fall without resorting to sheer speculation (see Padilla v CVS Pharm., 175 AD3d 584, 585; Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794; Baldasano v Long Is. Univ., 143 AD3d 933, 933; Gotay v New York City Hous. Auth., 127 AD3d 693, 694). Since the defendants failed to meet their initial burden on this issue, we need not address the sufficiency of the plaintiff's opposition papers with respect to that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and, properly, in effect, granted that branch of the plaintiff's cross motion which was for summary judgment determining that the exemption of Administrative Code § 7-210(b) was inapplicable.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court