Santiago v Williams (2022 NY Slip Op 04922)

Santiago v Williams

2022 NY Slip Op 04922

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-06974
 (Index No. 504041/18)

[*1]Julio Santiago, appellant,
v
Michael G. Williams, respondent.

Pontisakos & Brandman, P.C., Garden City, NY (Elizabeth Mark Meyerson of counsel), for appellant.
Gladstein Keane & Partners PLLC, New York, NY (Thomas F. Keane and Anthony J. Spiga of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated July 24, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In December 2017, the plaintiff allegedly was injured when he tripped and fell on a sidewalk abutting real property owned by the defendant. Thereafter, the plaintiff commenced the instant action against the defendant to recover damages for personal injuries, alleging, inter alia, that the defendant was negligent in maintaining the sidewalk area where the accident occurred. After discovery, the defendant moved for summary judgment dismissing the complaint on the ground, among others, that the plaintiff was unable to identify what caused him to fall without resort to speculation. In an order dated July 24, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall" (Nativo v Dragonetti Bros. Landscaping Nursery & Florist, Inc., 190 AD3d 981, 982; see Theard v G. Fazio Constr. Co., Inc., 192 AD3d 942, 943; Kerzhner v New York City Tr. Auth., 170 AD3d 982). "Indeed, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Theard v G. Fazio Constr. Co., Inc., 192 AD3d at 943; see Brachfield v Sternlicht, 202 AD3d 742, 743; Palahnuk v Tiro Rest. Corp., 116 AD3d 748). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiff's inability to establish the cause of his or [her] fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878; see Theard v G. Fazio Constr. Co., Inc., 192 AD3d at 943). "However, that a defective or dangerous condition was the proximate cause of an accident can be established in the absence of direct evidence of causation and may be inferred [*2]from the facts and circumstances underlying the injury" (Buglione v Spagnoletti, 123 AD3d 867, 867).
Here, viewing the evidence in the light most favorable to the plaintiff (see Sage v Taylor, 195 AD3d 971, 972), the defendant failed to establish, prima facie, that the plaintiff was unable to identify the cause of his fall without resort to speculation. In support of his motion, the defendant submitted, inter alia, a transcript of the plaintiff's deposition testimony, who identified a "raised up" sidewalk flag in photographs depicting the sidewalk where he fell, and, referring to the photographs, testified that he "tripped there." Contrary to the determination of the Supreme Court, this evidence raised a triable issue of fact as to whether the plaintiff tripped on the sidewalk defect referenced (see Brachfield v Sternlicht, 202 AD3d at 742; Leem v 152-24 N., LLC, 201 AD3d 918, 920; Padilla v CVS Pharm., 175 AD3d 584, 585).
The defendant further failed to establish, prima facie, that he did not have a statutory duty to maintain the sidewalk abutting his property, which included the raised-up portion of the sidewalk at issue (see Brachfield v Sternlicht, 202 AD3d at 743; Blaise v Guleria, 197 AD3d 689), nor did he establish, prima facie, that the plaintiff's accident was caused by a city-owned tree well which he had no duty to maintain (see Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921).
Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint, we need not review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court