Jean-Joseph v Port Auth. of N.Y. & N.J. (2022 NY Slip Op 06919)

Jean-Joseph v Port Auth. of N.Y. & N.J.

2022 NY Slip Op 06919

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-03376
 (Index No. 723404/20)

[*1]Maxi Jean-Joseph, respondent, 
v
Port Authority of New York and New Jersey, appellant.

Port Authority of New York and New Jersey Law Department, New York, NY (Brian P. Hodgkinson of counsel), for appellant.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered May 10, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained when he slipped and fell in a parking lot at John F. Kennedy International Airport in Queens. Following discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff was not able to identify what caused him to fall. In an order entered May 10, 2021, the Supreme Court denied the motion. The defendant appeals.
"'[A] defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall'" (Santiago v Williams, 208 AD3d 604, 604, quoting Nativo v Dragonetti Bros. Landscaping Nursery & Florist, Inc., 190 AD3d 981, 982; see Butts v SJF, LLC, 171 AD3d 688, 689). "'Indeed, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation'" (Santiago v Williams, 208 AD3d at 604, quoting Theard v G. Fazio Constr. Co., Inc., 192 AD3d 942, 943; see Redendo v Central Ave. Chrysler Jeep, Inc., 205 AD3d 1060, 1061-1062).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmovant (see Burrus v Douglaston Realty Mgt. Corp., 175 AD3d 461), the defendant failed to meet its burden of establishing, prima facie, that the plaintiff was unable to identify the cause of his fall without resort to speculation (see Butts v SJF, LLC, 171 AD3d at 689). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint on this basis, we need not review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is not properly before this Court (see Marcum, [*2]LLP v Silva, 117 AD3d 919, 920; Scotto v Kodsi, 102 AD3d 947, 949).
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court