Weldon v Wal-Mart Stores E., LP (2023 NY Slip Op 04792)

Weldon v Wal-Mart Stores E., LP

2023 NY Slip Op 04792

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-05845
 (Index No. 607618/15)

[*1]Bernard James Weldon, respondent,
v
Wal-Mart Stores East, LP, et al., appellants.

Brody, O'Connor & O'Connor, Northport, NY (Aisha K. Brosnan, Patricia A. O'Connor, and Joseph O'Connor of counsel), for appellant Wal-Mart Stores East, LP.
Cuomo LLC, Mineola, NY (Steven R. Engrassia of counsel), for appellants Centereach Mall Associates, LP, and Kimko Realty Corporation.
Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Liss M. Mendez], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Wal-Mart Stores East, LP, appeals, and the defendants Centereach Mall Associates, LP, and Kimko Realty Corporation separately appeal, from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated July 15, 2020. The order, insofar as appealed from by the defendant Wal-Mart Stores East, LP, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The order, insofar as appealed from by the defendants Centereach Mall Associates, LP, and Kimko Realty Corporation, denied their motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs payable by the defendants appearing separately and filing separate briefs.
The plaintiff, who was employed by a nonparty products assembly company, was assembling bicycles in an outdoor area of a Wal-Mart store when a thunderstorm erupted. The plaintiff was moving the bicycles to a garage bay in the store's tire shop to protect them from the rain when he slipped and fell. The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendant Wal-Mart Stores East, LP (hereinafter Wal-Mart), and the defendants Centereach Mall Associates, LP, and Kimko Realty Corporation (hereinafter together the Kimko defendants), the property manager and property owner, respectively.
After completion of discovery, Wal-Mart moved, and the Kimco defendants separately moved, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them, on the ground that the plaintiff was unable to identify the cause of his fall without resort to speculation. In an order dated July 15, 2020, the Supreme Court denied the defendants' motions. Wal-Mart appeals and the Kimco defendants separately appeal.
"In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall" (Buglione v Spagnoletti, 123 AD3d 867, 867). "However, that a defective or dangerous [*2]condition was the proximate cause of an accident can be established in the absence of direct evidence of causation and may be inferred from the facts and circumstances underlying the injury" (id.; see Santiago v Williams, 208 AD3d 604, 605).
Here, viewing the evidence in the light most favorable to the plaintiff, the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause of his fall without resort to speculation. In support of their motions, the defendants submitted, inter alia, a transcript of the plaintiff's deposition testimony. The plaintiff testified that, prior to his accident, he had observed numerous oil spots on the ground in the area of his accident, and that, at the time of the accident, he slipped on a mixture of rainwater and oil. The plaintiff further testified that rainwater was pouring off of the roof and onto the subject area because the downspouts attached to the building lacked a piping system to direct water as it flowed from the roof. This evidence raised a triable issue of fact as to whether the plaintiff's accident was caused by the referenced allegedly dangerous or defective conditions (see Santiago v Williams, 208 AD3d at 605; Padilla v CVS Pharm., 175 AD3d 584, 586).
The Kimco defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants' separate motions for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court