Cruz v Flatlands Christian Ctr., Inc. (2023 NY Slip Op 05120)

Cruz v Flatlands Christian Ctr., Inc.

2023 NY Slip Op 05120

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-07117
 (Index No. 4449/15)

[*1]Kicha S. Cruz, etc., respondent, 
v
Flatlands Christian Center, Inc., et al., appellants, et al., defendants.

Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for appellants.
David J. Hernandez, Brooklyn, NY (Mark A. Longo of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants Flatlands Christian Center, Inc., and Knights of Columbus-Flatbush Council #497 appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated August 31, 2021. The order denied those defendants' motion for summary judgment dismissing the third amended complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Flatlands Christian Center, Inc., and Knights of Columbus-Flatbush Council #497 for summary judgment dismissing the third amended complaint insofar as asserted against them is granted.
In April 2013, John Cruz (hereinafter the decedent) allegedly fell in a bathroom located in premises operated by the defendant Knights of Columbus-Flatbush Council #497 and owned by the defendant Flatlands Christian Center, Inc. (hereinafter together the defendants). As a result of the fall, the decedent underwent emergency surgery to relieve swelling to his brain, never regained consciousness, and died approximately eight days later.
The plaintiff, as the administrator of the decedent's estate, commenced this action against, among others, the defendants, inter alia, to recover damages for wrongful death. The plaintiff alleged that the decedent was caused to slip and fall as a result of "a wet, slippery and otherwise defective floor within the bathroom located" within the premises. Subsequently, the defendants moved for summary judgment dismissing the third amended complaint insofar as asserted against them. In an order dated August 31, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
In a premises liability case, a defendant property owner, or a party in possession or control of real property, may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation (see Cheprakova v Medicine Plaza, Inc., 211 AD3d 1009, 1010; Theard v G. Fazio Constr. Co., Inc., 192 AD3d 942, 943). "Although proximate cause can be established in the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances [*2]underlying the injury, [m]ere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action" (Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435 [internal quotation marks omitted]; see Cheprakova v Medicine Plaza, Inc., 211 AD3d at 1010; Theard v G. Fazio Constr. Co., Inc., 192 AD3d at 943).
Here, in support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of Joseph Reydel, Frank Gallagher, the plaintiff, and Robin Winstead, the decedent's girlfriend. At his deposition, Reydel, who did not witness the decedent's fall, testified that at the time of the decedent's accident, Reydel was a member of the Knights of Columbus-Flatbush Council #497 and was the bartender on duty at the bar located on the first floor of the premises. On that day, Reydel opened the bar at approximately 11:00 a.m. and inspected the premises, including the men's bathroom, which he found to be "clean" and "perfect." The decedent arrived at the premises between 3:30 p.m. and 4:00 p.m. At approximately 5:30 p.m., at which time Reydel and the decedent were the only people at the premises, Reydel observed the decedent enter the men's bathroom, after which Reydel heard a "bang." Reydel then entered the men's bathroom and observed the decedent on the floor, "snoring." According to Reydel, the bathroom floor was dry and clean, and the decedent's clothes were dry. Since Reydel was unable to lift the decedent, he contacted Gallagher, who arrived within minutes and assisted Reydel in helping the decedent up and out of the bathroom.
Gallagher, who did not observe the decedent's fall, testified at his deposition that he was also a member of Knights of Columbus-Flatbush Council #497 and volunteered as a bartender at the premises. Upon arriving at the premises, he observed the decedent sitting on the floor of the men's bathroom. Gallagher did not observe any liquids or slippery material on the floor of the men's bathroom, or any wet clothes on the decedent.
Reydel testified that he had known the decedent for approximately five years prior to the accident, and that the decedent walked with a cane and "wobbled a lot." Gallagher also knew the decedent prior to the accident, and knew that the decedent walked with a cane. Reydel testified that the decedent did not have his cane with him at the time of his accident, and Gallagher testified that he did not observe the decedent's cane in the men's bathroom when he arrived to help Reydel. Reydel also testified that when he asked the decedent how he fell, the decedent said that he lost his balance.
Winstead and the plaintiff, the decedent's daughter, testified at their depositions that they did not observe the decedent's fall and did not have any information as to how the decedent's fall occurred.
Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Tucubal v National Express Tr. Corp., 209 AD3d 788, 789), the defendants demonstrated, prima facie, that the plaintiff was unable to identify the cause of the decedent's accident without engaging in speculation, since the evidence demonstrated that the plaintiff was unable to identify how the decedent's accident occurred or what dangerous condition or defect, if any, in the men's bathroom caused the decedent's fall (see Theard v G. Fazio Constr. Co., Inc., 192 AD3d at 943-944; Mauskopf v 1528 Owners Corp., 102 AD3d 930, 931-932). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the third amended complaint insofar as asserted against them.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court