Garcia v 844 Knickerbocker, LLC (2025 NY Slip Op 06994)

Garcia v 844 Knickerbocker, LLC

2025 NY Slip Op 06994

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-05134
 (Index No. 519069/21)

[*1]Anibal Garcia, respondent, 
v
844 Knickerbocker, LLC, defendant, Sanjaya Mallick, appellant.

The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins of counsel), for appellant.
Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg and Judith Stempler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Sanjaya Mallick appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated February 29, 2024. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Sanjaya Mallick.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when he slipped and fell as he descended exterior steps of a building (hereinafter the property) owned by the defendant Sanjaya Mallick. Thereafter, the plaintiff commenced this action against Mallick, and another defendant, to recover damages for personal injuries. The plaintiff alleged, inter alia, that Mallick was negligent in maintaining the property in that he failed "to have risers and treads . . . of even and consistent heights" and failed to install a handrail. After the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Mallick, contending that the plaintiff could not identify the cause of his fall without engaging in speculation and that a handrail was not required on the subject steps. In an order dated February 29, 2024, the Supreme Court, among other things, denied that branch of the defendants' motion. Mallick appeals.
"In a slip-and-fall case, a defendant can establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the fall" (Lamour v Decimus, 118 AD3d 851, 851; see Baldasano v Long Is. Univ., 143 AD3d 933, 933). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Steed v MVA Enters., LLC, 136 AD3d 793, 794; see Palahnuk v Tiro Rest. Corp., 116 AD3d 748, 749). "However, that a defective or dangerous condition was the proximate cause of an accident can be established in the absence of direct evidence of causation and may be inferred from the facts and circumstances underlying the injury" (Santiago v Williams, 208 AD3d 604, 605 [internal quotation marks omitted]).
Here, Mallick failed to establish, prima facie, that the plaintiff could not identify the [*2]cause of his fall without engaging in speculation. In support of their motion, the defendants submitted a transcript of the plaintiff's deposition testimony, during which the plaintiff testified that he lost his footing on the steps because "[t]he level was off" and "the steps felt uneven." The plaintiff further testified that immediately before he fell while descending the steps, he had experienced difficulty in ascending them, due, in part, to their unevenness. Moreover, the defendants' expert indicated in his report that there were "several" steps with "uneven stair risers and treads." Accordingly, the defendants failed to eliminate triable issues of fact as to whether the allegedly uneven nature of the steps was a proximate cause of the accident (seeWeldon v Wal-Mart Stores E., LP, 219 AD3d 1558, 1559; Torres v Board of Educ. of City of N.Y., 175 AD3d 1584, 1586).
In light of the existence of these triable issues of fact, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Mallick, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions regarding the absence of a handrail.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court