Walsh v 333 Bronx Riv. Tenants Corp. (2026 NY Slip Op 01815)

Walsh v 333 Bronx Riv. Tenants Corp.

2026 NY Slip Op 01815

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2020-03790
 (Index No. 69318/17)

[*1]Shane Walsh, etc., appellant, 
v333 Bronx River Tenants Corp., et al., respondents, et al., defendant.

Sutton & Smyth, LLP (Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York, NY [Brian J. Shoot and Leigh H. Sutton], of counsel), for appellant.
Brody, O'Connor & O'Connor (Cipriani & Werner, P.C., Huntington, NY [Kenneth B. Danielsen and Catherine R. Everett], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated March 5, 2020. The order, insofar as appealed from, granted the motion of the defendants 333 Bronx River Tenants Corp. and Gramatan Management, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Phillip Walsh (hereinafter the decedent) commenced this personal injury action against the owner and the property management company of his apartment building (hereinafter together the defendants), and another defendant, after allegedly sustaining second- and third-degree burns from hot water inside his apartment. At his deposition, the decedent testified to having no memory of the incident, but reports from first responders indicated that the police and fire department responded to a complaint of a severe water leak and ultimately found the decedent unconscious on his bathroom floor being exposed to hot water released from a broken pipe underneath a sink, which had become dislodged from the wall. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated March 5, 2020, the Supreme Court, inter alia, granted the defendants' motion.
The decedent appealed from the order. However, he died during the pendency of the appeal. The plaintiff, as administrator of the decedent's estate, was substituted for the decedent.
"A landowner or a party in possession or control of real property has a duty to maintain its premises in a reasonably safe condition" (Muniz v SPO Rest., LLC, 227 AD3d 1002, 1003 [internal quotation marks omitted]). "'In a premises liability case, a defendant may . . . establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation'" (Cheprakova v Medicine Plaza, Inc., 211 AD3d 1009, 1010 [alteration and internal quotation marks omitted], quoting Mercurio v Dayton, 207 AD3d 456, 457).
With respect to the issue of liability for the decedent's alleged fall, the defendants established their prima facie entitlement to judgment as a matter of law through the submission of a transcript of the decedent's deposition testimony, which demonstrated that the decedent was unable to identify the cause of the accident (see Cruz v Flatlands Christian Ctr., Inc., 220 AD3d 742, 744-745; Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435). In opposition, the decedent failed to raise a triable issue of fact. Contrary to the plaintiff's contention on appeal, the defendants' alleged negligence in maintaining the building's water temperature at an unsafe level did not proximately cause the decedent's injuries (see Gomez v City of New York, 249 AD2d 362, 363). "The hot water created the specific injuries for which damages were sought, and determined the gravity of the consequences resulting from the accident, but did not cause the intervening act which was not foreseeable" (id.; see Rivera v City of New York, 11 NY2d 856, 857).
In light of the our determination, we need not reach the defendants' remaining contention.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court